**Ex parte W. C. MASSEY.**

**No. 42231.**

Court of Criminal Appeals of Texas.

June 18, 1969.

Billy Hunt, Johnie Price, Center, for petitioner.

K. Baker, Dist. Atty., Carthage, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an application for writ of habeas corpus certified to this court under the provisions of Art. 11.07, Vernon's Ann. C.C.P.

Petitioner is restrained under a judgment of conviction in Cause No. 9267 in the District Court of Shelby County, wherein he was found guilty of felony theft and wherein it was further found that he had twice before been convicted of non-capital felonies and his punishment was assessed at confinement for life under Art. 63, Vernon's Ann.P.C. under an indictment charging three prior convictions.

The sole question is whether or not this indigent petitioner was represented by counsel at the time he was first convicted, under the name of Albert Karam, in Cause No. 8680 in the Circuit Court of Copiah County in the State of Mississippi for the felony offense of False Pretense, one of the prior convictions alleged for enhancement in his Shelby County conviction.

 The trial court who heard this application and certified the same to this Court with his findings of fact and conclusions of law has, after an evidentiary hearing, found that petitioner, who was indigent and did not waive his right to counsel, was not represented by counsel at the prior Mississippi conviction, and that such conviction

was not available for the purpose of enhancement in his Shelby County trial.

He further found that it was impossible to determine whether the Mississippi conviction was one of the two prior convictions found by the jury to have been established and upon which the sentence of life imprisonment was based.

Since the submission to the jury of the constitutionally infirm Mississippi conviction renders such conviction void under the holding of the Supreme Court of the U. S. in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, petitioner is entitled to relief.

It is accordingly ordered that he be released from custody and remanded to the Sheriff of Shelby County there to answer the indictment in Cause No. 9267 absent the enhancement which charged the prior Mississippi conviction.

It is so ordered.